IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                    )       CRIMINAL NO. 4:25cr40<br>)<br>XAVIER JOSEPH STAFFORD,              )<br>                         Defendant.         ) | |

**POSITION OF UNITED STATES
WITH RESPECT TO SENTENCING FACTORS**

In accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2, the United States of America, through its attorneys, Lindsey Halligan, United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel, Assistant United States Attorney, hereby represents that it has reviewed the Probation Office's Pre-Sentence Report ("PSR") and that it does not dispute any of the factors or facts set out therein.

The defendant, XAVIER JOSEPH STAFFORD, pled guilty to a one count Criminal Information charging Distribution of the Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, U.S.C., §1466A(a)(2). The minimum mandatory sentence is five (5) years and up to 20 years in prison and not more than five (5) years of supervised release. The Guideline calculation for this offense is 151-188 months in prison.   The Guideline computation is not in dispute by either party.

The United States, at the sentencing hearing, will move to amend the Plea Agreement with the concurrence of the defendant based on a typographical error. ECF 22. In paragraph 2 of

the Plea Agreement, it states that the maximum term of supervised release is *three* years. However, the correct term of supervision is *not more than five years* because the charge is a Class B felony. *See* Title 18, U.S.C., §3581(b)(2) and 18, U.S.C., §3583(b)(1).

The United States submits that the Court should sentence the defendant to a sentence of five (5) years in prison and five (5) years of supervised release. The United States submits that such a sentence is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

## **PROCEDURAL BACKGROUND**

On April 29, 2025, the defendant was charged in a three-count Criminal Complaint; Interstate Communications, in violation of Title 18, U.S.C., §875 ( c) (Count 1) and one count of Distribution of the Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, U.S.C., §1466A(a)(2) (Count 2) and one count of Possession of the Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, U.S.C., §1466A(b)(2) (Count 3). ECF 3. On April 30, 2025, the defendant was arrested, made his initial appearance in federal court and was held pending a preliminary hearing/detention hearing. ECF 8. On May 6, 2025, he waived his rights to both the preliminary and detention hearings and was detained. ECF 12.

On May 30, 2025, a Criminal Information was filed charging the defendant with one count of Distribution of the Obscene Visual Representations of the Sexual Abuse of Children, in violation of Title 18, U.S.C., §1466A(a)(2). ECF 17. On June 30, 2025, the defendant pled guilty with a plea agreement to the offense and sentencing was set for December 4, 2025. ECF 20.

## DISCUSSION OF SENTENCING FACTORS AND ARGUMENT

### 18 U.S.C. § 3553(a) Sentencing Factors

The Guideline calculation calls for a sentence of 151-188 months in prison. Prior to sentencing the defendant, the Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Title 18, United States Code, § 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner.

### Section 3553(a)(1) Factors: Nature and Circumstances of the Offense

In reviewing the Section 3553(a) factors, the nature and circumstances of the offense are simple and not in dispute. At the time of the offense, the defendant was homeless living in a vehicle when he encountered the victim, a police officer with the City of Williamsburg Police Department. The officer asked him to move his vehicle off private property on two occasions. Within days, the defendant sent an email to the officer using an ethnic slur and threatening to rape his minor daughter indicating that he knew where the officer lived. Additionally, in another email, he sent two animated images that depicted a Hispanic child being raped and choked. He

3

also sent images of the officer's home- a live photo repeatedly looping several frames of consecutive images of the officer's home.

The defendant made a statement to officers admitting to sending the threatening communications and explaining that he thought the officer was harassing him because he was black, and he was trying to give the officer a taste of his own medicine. It should be noted that there is no evidence that the officer, a Hispanic male, harassed the defendant based upon his skin color.

### Section 3553(a)(1) Factors: History and Characteristics of the Defendant

The defendant, age 22, was born to and raised in military family necessitating frequent moves during his childhood. His parents are married and provided him, as he described, with "an above average lifestyle". He was raised in a Christian home with financial stability. His parents have no criminal history, no mental health disorders nor substance abuse history. PSR ¶¶ 34-36.

Of note and concern, the defendant admitted that by age 11, he was addicted to pornography and that it was not uncommon for him to have spent 8-10 hours a day watching pornography. He estimated that he has viewed over 100, 00 pornography videos since age 11 and admits that he has a "severe porn addiction". PSR ¶ 36.

The defendant reported that he has no health concerns. PSR ¶ 40. He has however, been treated for mental health issues. The defendant reported that he attended weekly mental health therapy sessions from 2017-2019. PSR ¶¶ 41-42.

The defendant reports that he does not consume alcohol. However, he first used marijuana in 2018 and last consumed it six to eight months prior to his arrest. The defendant admits that he has also used LSD and "poppers" since he was 15 years old and last used them a few months before

his arrest. He enjoys using "poppers" because they enhance his sexual experience which allowed him to view pornography for extended periods of time. PSR¶ 43.

The last reported grade in which the defendant was enrolled in school was the 12th grade. However, he obtained his GED in October 2023. PSR ¶¶ 45-46.

At the time of the offense, the defendant was employed with Uber Technologies since 2023. Prior to that, he was employed with DoorDash from 2019-2023. PSR ¶¶ 48-49.

Finally, the defendant has no prior criminal history. PSR¶¶28-30.

### Section 3553(a)(2): Other Factors

The sentence the court imposes must include the need for the sentence to reflect the seriousness of the offense; to promote respect for law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner.

### Argument

The United States submits that the offense for which the defendant has pled guilty is a serious offense involving threats to a police officer and his minor daughter. The officer merely asked the defendant to move his vehicle off private property on two occasions when the defendant using email, threatens him and his family using ethnic slurs and profanity. Specifically, the defendant stated "I'm going to rape your little girl. She going to be my little Mexican c**sl***, and you can help wipe the c** off her face, you f****** b****. We know where you live, f*****. Your house is a one-story, total f****** s***hole. Your whore daughter is going to grow up knowing that her daddy won't be able to afford her s***. But don't worry.

5

I'll be her new father now.:" As if that wasn't enough, the defendant distributed images a Hispanic child being raped and went further by going to the officer's house and filming the officers' home. As the Court can gather from the Victim Impact Statement, these actions created fear and anxiety for not only the officer, but his wife and children. The crimes have affected the family's everyday life and taken away the safety and peace the family once enjoyed.

The defendant was not raised by his parents to engage in this type of criminal behavior. Nothing in his background would indicate he would commit such crimes. He enjoyed a financially stable upbringing by Christian parents. He was provided with good educational foundation by attending a private Christian school. He lacked for nothing in his childhood. His conduct was inexcusable.

The sentence the Court imposes must also promote respect for the law, provide just punishment, to afford adequate deterrence to criminal conduct; and protect the public from the defendant. The United States submits that a sentence of five (5) years in prison will accomplish the goals of promoting respect for the law, providing just punishment for this offense and affording adequate deterrence.

## **CONCLUSION**

Based upon the facts of the case, including all relevant conduct, the defendant's lack of criminal history and characteristics as set forth in the PSR and taking into consideration the factors in Title 18, U.S.C. § 3553(a), the United States believes that a sentence a sentence of five (5) years in prison and five (5) years of supervised release is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

Respectfully submitted,

Lindsey Halligan
United States Attorney

By: _____/s/_____
Lisa R. McKeel
Virginia State Bar No. 28652
Assistant United States Attorney
Attorney for the United States of America
United States Attorney's Office for the
Eastern District of Virginia
One City Center, Suite 200
11815 Fountain Way
Newport News, VA 23606
Office:  (757) 591-4000
Fax:    (757) 591-0866
Email: lisa.mckeel@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Kirsten R. Kmet, Esq.
    500 East Main Street, Suite 500
    Norfolk, Virginia 23510
    E-mail: Kirsten_Kmet@fd.org

And I hereby certify that I have e-mailed the document to the following non-filing user:

Kalyn M. Monreal
United States Probation Office
600 Granby Street
Suite 200
Norfolk, VA 23510

                                                                                       /s/               .
                                              Lisa R. McKeel
                                              Virginia State Bar No. 28652
                                              Assistant United States Attorney
                                              Attorney for the United States of America
                                              United States Attorney's Office
                                              One City Center, Suite 200
                                              11815 Fountain Way
                                              Newport News, VA 23606
                                              Office: (757) 591-4000
                                              Fax:   (757) 591-0866
                                              Email: lisa.mckeel@usdoj.gov